**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 30 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| RAYMOND MARTIN, | No. 14-17270 |
| Petitioner-Appellant, | D.C. No. 2:11-cv-00870-JAM-GGH |
| v. |  |
| KATHLEEN ALLISON, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. |  |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted November 17, 2016[**]
San Francisco, California

Before: MELLOY,[***] CLIFTON, and WATFORD, Circuit Judges.

**1.** In its decision rejecting Raymond Martin's arguments on direct appeal,

the California Court of Appeal did not explicitly address Martin's claim that the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

prosecution violated the rule established in *Napue v. Illinois*, 360 U.S. 264 (1959). We need not decide whether we are required to presume that the Court of Appeal adjudicated the *Napue* claim on the merits, *see Johnson v. Williams*, 133 S. Ct. 1088, 1091–92 (2013), for even under *de novo* review Martin is not entitled to relief.

In support of his *Napue* claim, Martin alleges that the prosecution knowingly introduced false testimony that Martin directed Vincent Gregory (Martin's co-defendant) to shoot the victim during the robbery and burglary. But under California's felony-murder rule, the jury did not have to find that Martin directed Gregory to shoot the victim. *See People v. Chism*, 58 Cal. 4th 1266, 1332 (2014). Rather, the jury was permitted to find Martin guilty of murder under the felony-murder rule if it found that someone else killed the victim while Martin was engaged in committing a robbery or burglary, and that there was a logical connection between the act causing the victim's death and the robbery or burglary. *See People v. Cavitt*, 33 Cal. 4th 187, 203 (2004). The jury found that to be the case, and there was ample evidence supporting that finding. For example, evidence placed Martin in the same vehicle with Gregory and Stanley Mason (his other co-defendant) just before the robbery and burglary, and evidence also placed Martin in the victim's room when the victim was shot. Gloves found in the course

of the investigation contained Martin's DNA, further corroborating his involvement in the robbery and burglary. Given the ample evidence supporting Martin's conviction under the felony-murder rule, there is no reasonable likelihood that the allegedly false statement affected the jury's verdict. *See Napue*, 360 U.S. at 271.

**2.** We decline to consider Martin's uncertified issue alleging a violation of the rule established in *Sheppard v. Maxwell*, 384 U.S. 333 (1966).

**AFFIRMED.**